{¶ 20} To the extent that the majority bases its decision to reverse and remand upon the authority of R.C. 2945.72(D), I respectfully dissent.
 {¶ 21} I am well aware of the cases upon which the majority relies to support its conclusion that Borrero's failure in responding to the state's request for discovery is chargeable against him for speedy trial purposes. I cannot, however, agree that this act of nonfeasance nullifies his statutory right to a speedy trial under the facts of this case. Reiterating, Borrero requested discovery to which the state timely replied and then the state contemporaneously made its own request for discovery. The state's request was rather generic in that it sought any and all evidence Borrero would produce at the subsequent trial in the matter. These discovery requests were made by both parties in May 2002, while Borrero was released on bond.
 {¶ 22} Borrero then failed to appear at a pretrial in July 2002 and a capias was issued for his arrest, which was secured on August 13, 2002. It was from this date until January 31, 2003 — more than five months later — that Borrero was held in jail without any court activity in his case. The state never sought to compel the discovery it requested several months earlier as authorized by Crim.R. 16. Indeed, it did nothing but allow Borrero to languish in jail.
 {¶ 23} I understand that this court in Chagrin Falls v.Vartola (Apr. 2, 1987), Cuyahoga App. Nos. 51571 and 51572, 1987 Ohio App. Lexis 6926, and its progeny from this court and other appellate courts, have found a criminal defendant's failure to respond to the state's discovery request as a tolling event under R.C. 2945.72(D). I cannot condone, however, the actions of the state in keeping an accused in jail for more than five months without any activity in his case and then allow the state to profit from this delay merely because the accused has not responded to the state's generic request for discovery — a request for discovery that was made several months earlier when the accused was not even held in jail.
 {¶ 24} From the time Borrero was arrested on the capias in August 2002 until he was finally released in January 2003, Borrero did nothing that could be construed as "neglect or [an] improper act" as set forth in R.C. 2945.72(D). Under the facts of this case, I would find that there was no tolling of the speedy trial statute and affirm the decision of the trial court.